UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL; SHARON BROWN; UNBORN
BABIES; ALL PEOPLE WHO HAVE A
RIGHT TO LIFE; THE GOD OF THE BIBLE;
YAHWEH; ELOHIM; HASHEM; JESUS
CHRIST; THE HOLY SPIRIT,

                     Plaintiffs,

-against-

U.N. UNITED NATIONS; W.H.O.; WORLD
HEALTH ORGANIZATION; UNRWA; O.M.H.
OFFICE OF MEANTH HEALTH; PLANNED
PARENTHOOD; ABORTION INDUSTRY,

                     Defendants.

24-CV-7061 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Sharon Brown, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. She alleges that Defendants violated her right to life, to freedom of speech, to bear arms, to self-defense, and to freedom of religion. She appears to bring this action on behalf of the State of Israel, "unborn babies," "all people who have a right to life," "the God of the Bible," Yahweh, Elohim, Hashem, Jesus Christ, and the Holy Spirit. She names as Defendants the United Nations, the World Health Organization, the United Nations Relief and Works Agency for Palestine Refugees in the Near East, (presumably) the New York State Office of Mental Health, Planned Parenthood, and the "abortion industry."

      By order dated September 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On February 21, 2025, the Court received Plaintiff's second request for preliminary injunctive relief and a temporary restraining

order.¹ For the following reasons, the Court dismisses the complaint and denies as moot Plaintiff's request for preliminary injunctive relief and a temporary restraining order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges the following: "Israel and Sharon Brown, unborn babies, those who have right to life and the God of the Bible have been targeted by laws such as abortion, gender mutilation, abortion being funded and babies being tortured in murder abortions."² (ECF 1, at 5.) Plaintiff also alleges that "[t]hese terrorist[s] target people who believe in the Bible, the Constitution and standards they want to institute Sharia 'law' which don't have any self evident truths." (*Id.*) Plaintiff proclaims that "Islam is false and a lie . . . [and it] declared Jihad on Jews,

---

¹ On September 19, 2024, the Court denied Plaintiff's first motion for preliminary injunctive relief. (*See* ECF 7.)

² The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Christians and any non-Muslim." (*Id.*) She claims the religion "is banned worldwide as a result." (*Id.*)

In the injury section of the complaint, Plaintiff writes, "school shootings because prayer and Bible were removed and pornographic books placed there in, drag shows in school." (*Id.* at 6.) She also writes, "torture decapitation, dismemberment abortion on unborn babies we must defend, fraud of false sex on children in America." (*Id.*) In the relief section, she writes, "Israel needs reparations . . . from Islam for their being responsible for [the] Holocaust." (*Id.*) She also writes, "seize reparations and money from Islamic governments who paid Muslims to attack on 9/11 and 10/7." (*Id.*)

## DISCUSSION

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy."

3

*Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted).

Here, the complaint describes Plaintiff's positions on various subjects, including abortion, Israel, and the Muslim religion. These positions, however, are not claims because they lack factual support demonstrating that a defendant caused Plaintiff to suffer an actual injury that is redressable by a federal court. She therefore lacks standing to bring this action, and consequently, the Court dismisses the action for lack of subject matter jurisdiction. *See Mahon*, 683 F.3d at 62 (noting that where "plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court denies as moot Plaintiff's request for preliminary injunctive relief and a temporary restraining order. (ECF 9.)

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated: February 26, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge